[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DATE OF SENTENCE SEPTEMBER 18, 1997 DATE OF APPLICATION SEPTEMBER 18, 1997 DATE APPLICATION FILED OCTOBER 16, 1997 DATE OF DECISION MAY 23, 2000
 Application of Review of Sentence imposed by the Superior Court,Judicial District of New Haven.
 DOCKET NO.'S. CR6-327030 CR6-435804
 Francis T. Mandanici, Esq. Counsel for Petitioner
 Robert O'Brien, Esq. Counsel for State Assistant State's Attorney
 Sentence: AFFIRMED.
 BY THE DIVISION
In 1997 (CR6-435804) after trial the petitioner was convicted of Carrying a Dangerous Instrument, Attempted Larceny in the Second Degree and Attempted Robbery in the First Degree. The court imposed a sentence of 12 years incarceration, execution suspended after 8 years incarceration and 5 years of probation. In this case the record reveals that the petitioner, displaying a knife, approached the victim and tugged on the knapsack that the victim was carrying at the time. The victim ran CT Page 6704-u off and returned to chase the perpetrator.
The sentence imposed was to be served consecutively to a Violation of Probation case (CR6-327030) wherein probation was revoked and the petitioner was sentenced to a period of incarceration for six years. The record in the probation file (CR6-327030) reflects 1990 convictions for four robberies at knife point on the streets of New Haven.
The net effective sentence imposed relevant to both filed is 18 years incarceration, execution suspended after 14 years, with a 5 year period of probation.
It is this sentence that the Petitioner seeks review.
At the hearing before the Division counsel for the Petitioner focused on the petitioners "degree of culpability" in the instant case (CR6-435804) wherein the petitioner while brandishing a knife "bumped into" the victim, and counsel opined that on a scale of 1 to 10 the petitioners culpability is a "1". Counsel emphasized that there were no threats directed to the victim in that the knife was not waived at the victim. Counsel submitted a letter to the Division from the victim and counsel further stressed that the victim did not feel threatened or that he was in danger. Counsel indicated that the offense was nothing more than a mere "bumping" of the victim and that the sentenced imposed for this bumping was "grossly disproportionate" (to sentences imposed in like or similar cases).
The letter submitted from the victim indicated, inter alia. that the victim is of the opinion that the offense was "relatively minor" that his remarks at sentencing were rejected by the trial court and the victim implores the Division to reduce the imprisonment to the time the petitioner has already served.
Counsel for the state emphasized the petitioner's criminal history of similar offenses. Counsel indicated that previously the petitioner was convicted of four knife point robberies for which he had served a six year prison term and was on probation and had six years exposure in the event of revocation. Counsel emphasized that the petitioner was released from incarceration a scant two months before the most recent offenses.
The petitioner's criminal history reveals as early as 1987 an adjudication for a knife point robbery wherein the petitioner was accorded a suspended sentence and probation. In 1990 the petitioner was convicted of, apparently, 4 knife point robberies. CT Page 6704-v
The Division is perplexed by counsel for petitioner's argument relevant to the petitioners "culpability." The petitioner was found guilty of a knife point attempted robbery after trial. The essential elements of the crime were proven. The petitioner's culpability has been established, there are no accomplices. The issue of culpability is complete.
What is egregious here is not so much the facts of the instant case, but rather the continuous similar criminal conduct of the petitioner which clearly reflects the prophetic words of the 1990 PSI that "(t)he offender's prior criminal record would indicate that is, and will be for some time to come, a danger to society."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
 ___________________, J. MIANO
 ___________________, J. KLACZAK
 ___________________, J. IANNOTTI
Miano, J., Klaczak, J., and Iannotti, J. participated in this decision. CT Page 6704-w